RAINER TUCKER v. THE STATE.

No. 6722. Decided March 8, 1922.

1.—Carrying Pistol—Words and Phrases—Record on Appeal.

Examining the record, the testimony omitted the word "not," which should be supplied in the consideration of the testimony.

2.—Same—Newly Discovered Testimony—Affidavit—Practice on Appeal.

Where, upon trial of unlawfully carrying a pistol, defendant was convicted on testimony of two State's witnesses, who contradicted each other directly as to whether the defendant held the pistol in his hand or had it under his clothes, etc., and in the motion for new trial, supported by affidavit, it was shown that the absent testimony would prove the defendant's contention, that the pistol which he was alleged to have carried was in his trunk at home at the time, a new trial should have been granted.

Appeal from the County Court of Harrison. Tried below before the Honorable W. H. Strength.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Harrison County of the offense of unlawfully carrying a pistol, and his punishment fixed at a fine of $100 and ninety days in jail.

This case seems to have originated in a bit of family trouble. There was a picnic in progress at Liberty Church in the piney woods of East Texas and appellant was there. So also was his wife, who was a Stugers, and from whom he seems to have been separated. She was with her sister Maggie Taylor and her brother Frank Stugers. Appellant approached them and a conversation ensued. During this conversation, or immediately afterward, the State claims that appellant displayed a pistol. The State introduced two eyewitnesses. Maggie Taylor, nee Stugers, testified that appellant ran his hand in his bosom and held said hand on the handle of a pistol; that she could see the handle but could not see the barrel; that he did not take the pistol out of his bosom but held the handle in his hand, and that after doing some cursing he got on his mule and went away. Frank Stugers for the State swore that after the conversation above referred to, in which he says appellant called him a damn liar, the following took place:

"I told him I did not want any trouble and looked around and he had a pistol in his hand, and let loose of my arm and changed the pistol in his other hand. He had the pistol out in his hand, and did hold it in his bosom. The pistol here shown looks like the pistol he had with him. After that he put his pistol back in his bosom and walked away. I did not see him any more that evening. I suppose he must have gone home, as his brother took him out to his mule and he got on the mule. I did not notice which way he left there." Examining this quoted part of this witness' testimony closely, it occurs to us that the word "not" must have been used by him in that portion of his testimony comprising that line of the quotation which is as follows: "He had the pistol out in his hand, and did ( ) hold it in his bosom. We take it this witness said that appellant did *not* hold the pistol in his bosom. The only other State witness was an officer who testified that he went to the home of appellant that night and found him by the fire with a pistol in his hands, which witness took from him and which pistol was in evidence before the jury, and was identified by Frank Stugers as being the one or similar to the one had by

appellant at the picnic. Appellant introduced two apparently disinterested witnesses who testified that they saw and heard what took place at the picnic, and that appellant had and exhibited no pistol on that occasion. Appellant testified positively that he did not have such pistol, and his father also gave testimony to the effect that when appellant reached home after being at the picnic, there came up a conversation about a pistol belonging to appellant and that he informed his father that it was in his room in a trunk, and upon his father's request appellant went into said room and brought the pistol into the room where his father was, and had it there at the time the officer came and found it as testified to by said officer.

A new trial was sought upon the ground of newly discovered evidence, and the affidavits of four witnesses are attached to said motion and their contents set out therein as newly discovered evidence. One of said affiants swears that he was present at the picnic and saw and heard what took place at the time it is claimed appellant had and exhibited said pistol, and that he knew as a matter of fact that appellant did not then show or exhibit any pistol. Two of said parties whose affidavits were attached stated that they would swear that appellant's pistol was at his home and in his trunk at the time when the State witnesses claim to have seen him in possession of said pistol at the picnic and state the facts upon which their knowledge is based. Another of said parties stated in his affidavit that he had a conversation with Frank Stugers after the arrest of appellant on this charge and prior to the trial, in which Stugers told him that he did not see appellant have any pistol on the picnic occasion, but that he was going to say that he did have one because his father and mother wanted him to, and they were going to try to stick this appellant. A new trial would not be granted for the purpose of obtaining testimony purely impeaching in its character. We are of opinion that the facts stated in the affidavits of all of said witnesses are material, and that those contained in the affidavits of the three witnesses whose testimony is available for other than purposes of impeachment, are shown not to have been known to appellant, and that his failure to have same is not attributable to any apparent neglect on his part or that of his counsel. We believe that if said evidence was before the jury it might produce a different result from that attained upon this trial.

The testimony for the State is not at all in a satisfactory condition. The time when it was claimed that appellant had said pistol was in the open daylight and as far as we can judge the opportunities of Frank Stugers and his sister Maggie Taylor were equal for observing what appellant had. The sister swears that he drew no pistol from his bosom and that all she saw of same was the handle part which appellant held in his hand in his bosom. Flatly contradicting this, Frank Stugers swore as appears from the quotation above, that not only did appellant not hold his hand on the pistol continually in his

bosom but that he drew the pistol out of his bosom in one hand and changed it from that hand to the other. The State relying upon two witnesses, the testimony of each of whom is so directly contradictory to that of the other, strengthens us in our view that in this condition of the record, it also being shown that Stugers identified the pistol shown him as the one seen by him on that occasion, fairness and justice to the appellant would demand that he be given an opportunity to prove that the pistol exhibited to Stugers on the trial was in fact at the home of appellant in his trunk at that time. So believing we are of opinion that the trial court erred in refusing to grant appellant's motion for new trial, and that for this error this cause should be reversed and remanded, and it is so ordered.

*Reversed and remanded.*